IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BARRETTE OUTDOOR LIVING, INC., | ) CASE NO. |
| Plaintiff, | ) |
| | ) JUDGE |
| v. | ) |
| | ) |
| JOHN DOES 1–20, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| Defendants. | ) **PLAINTIFF'S APPLICATION FOR** |
| | ) **LEAVE TO CONDUCT EXPEDITED** |
| | ) **DISCOVERY** |

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | INTRODUCTION | | 1 |
| II. | STATEMENT OF FACTS | | 2 |
| III. | ARGUMENT | | 6 |
| | A. | Information On Defendants' Identity May Be Lost Without Expedited Discovery | 7 |
| | B. | Expedited Discovery Would Substantially Contribute To Moving This Case Forward | 8 |
| | C. | Barrette's Discovery Requests Are Narrowly Tailored | 8 |
| IV. | CONCLUSION | | 10 |

# **TABLE OF AUTHORITIES**

**Cases**

*Arista Records, LLC v. Does 1–54*, No. 4:08-cv-1289, 2008 WL 4104563 (E.D.Mo. Aug. 29, 2008) ............................................................................................................................. 7

*Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2012 WL 5996222 (S.D. Ohio Nov. 30, 2012) ... 7

*Fabreeka Int'l Holdings, Inc. v. Haley*, Case No. 15-cv-12958, 2015 WL 5139606 (E.D. Mich. Sept. 1, 2015) ........................................................................................................................ 6, 7

*Jockey Club Info. Sys., Inc. v. DOES 1–5*, No. 5:15-cv-204, 2015 WL 4523498, (E.D.Ky. July 24, 2015) ........................................................................................................................ 7, 8, 10

*Music Group Macao Commercial Offshore Ltd. v. Does I–IX*, No. 14-cv-621, 2014 WL 11010724 (W.D. Wash. July 18, 2014) ............................................................................ 7, 8, 9

*Voltage Pictures, LLC v. DOES 1–43*, No. 1:13-cv-465, 2013 WL 1874862 (N.D. Ohio May 3, 2013) ................................................................................................................................ 6, 7, 8

**Statutes**

18 U.S.C. § 1030, *et seq.* ............................................................................................................ 2
18 U.S.C. § 2701, *et. seq.* ........................................................................................................... 9

**Rules**

Fed. R. Civ. P. 26(d)(1) ............................................................................................................... 6

**I.     INTRODUCTION**

Plaintiff Barrette Outdoor Living, Inc. ("Barrette") is the victim of anonymous attack on its business, and it seeks this Court's permission to conduct limited expedited discovery to learn the identity of John Doe 1-20 (singularly a "Doe," or collectively, "Does" or "Defendants") and to preserve evidence which may be destroyed absent expedited discovery. One or more the Does has stolen Barrette's highly confidential trade secret customer pricing list (the "Price List") by gaining unauthorized access to one of Barrette's protected computing devices. Not content with stealing Barrette's trade secret Price List, one or more of the Defendants have begun anonymously emailing the Price List to Barrette's customers.

The expedited discovery have been narrowly tailored to obtain information sufficient to reveal the legal identities of Defendants and to preserve evidence, and sample subpoenas and a deposition notice which Barrette seeks to serve are provided for the Courts consideration. The information Barrette seeks concerns precise issues of fact and easily accessible information and documentation. Therefore, no unjust burden would be placed upon the responding companies and people. Further, some of the requested information is time sensitive computer log files which are routinely only stored for a limited time before the files are deleted. Without this information, however, Barrette will be unable to identify and serve process on Defendants, and will be unable to prevent Defendants from further unlawful dissemination of Barrette's trade secret information.

For the foregoing reasons, Barrette respectfully requests that this Court grant leave for Barrette to conduct expedited discovery to permit the prompt identification of Defendants as set forth in the attached proposed order.

1

## II. STATEMENT OF FACTS

This action arises from the theft of Barrette's highly confidential customer price list through the unauthorized access of a protected computing device, and the subsequent dissemination of the price list to Barrette's customers. In its Complaint Barrette seeks damages and preliminary and permanent injunctive relief against Defendants for violations for the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et seq.*), misappropriation of Barrette's trade secrets, tortious interference with business and contractual relationships, and unlawful retention of Barrette's property.

At the time of filing its Complaint, Barrette had not yet learned the true identity of the person(s) responsible for these acts and, therefore, has filed its complaint against Does, each of whom is a natural person.

Plaintiff Barrette Outdoor Living, Inc. is an Ohio corporation with its principal place of business at 7830 Freeway Circle, Middleburg Heights, Ohio 44130. Declaration of Jean desAutels in support of Plaintiff's Motion for Preliminary Injunction and Application for Expedited Discovery, ("desAutels Decl."), ¶ 2. Barrette, in addition to its other business activities, manufactures low maintenance, lifetime warranted, fencing systems through its ActiveYards division. *Id.*, ¶ 3. Barrette sells its fencing systems throughout the United States using an exclusive network of authorized business partners (its "Partners"). *Id.*, ¶ 4. Barrette's Partners are responsible for both in-person sales and installation of Barrette fencing systems. *Id*.

Barrette maintains a highly confidential pricing list for Barrette Partners (the "Price List"). Declaration of Peter Fickinger in support of Plaintiff's Motion for Preliminary Injunction and Application for Expedited Discovery, ("Fickinger Decl."), ¶ 6. The Price List details certain confidential trade secret information relating to Barrette's fencing systems

business, including, for example, the authorized Barrette Dealer list (i.e., Barrette's customer list), Barrette's pricing strategies, and specific pricing information for each Partner. *Id.*, ¶ 6. The information contained in the Price List is exclusively owned by Barrette. *Id.*, ¶ 8. Prior to the disclosure of the Pricing List by Does at issue in this action, the information contained in the Price List was not known outside of the company. *Id.*, ¶ 9.

On or about January 4, 2016, Barrette's President, Jean desAutels ("desAutels"), received the first of several anonymous emails from one or more of the Does. desAutels Decl., ¶ 5. The January 4, 2016, email, was sent from the email address concerned.barrette.partner@gmail.com, and the email disparaged certain Barrette employees. *Id*. On or about January 5, 2016, desAutels received another anonymous email from one or more of the Does. *Id.*, ¶ 6. The January 5, 2016, email was sent from the concerned.barrette.partner@gmail.com email address, and disparaged certain Barrette employees. *Id*. On or about January 14, 2016, desAutels received another email from one or more of the Does. *Id.*, ¶ 7. The January 14, 2016, email was sent from the concerned.barrette.partner@gmail.com email address, and stated that it was "great seeing [desAutels] yesterday." *Id*. The email did not reveal where or when one or more of the Does purportedly saw desAutels. *Id*.

On or about February 29, 2016, desAutels received another email from one or more of the Does (the "Disseminating Email"). *Id.*, ¶ 8., Ex. 1. The Disseminating Email was sent from the concerned.barrette.partner@gmail.com email address and disparaged certain Barrette employees. *Id*. The Disseminating Email was sent directly to numerous Barrette Partners, and was also copied to desAutels. *Id*. The Disseminating Email disclosed Barrette's confidential Price List directly to numerous Barrette Partners. *Id*.

3

The Disseminating Email appears to forward a February 26, 2016, email originally sent from Barrette's Regional Sales Director's, Robert P. Bradley ("Bradley"), company iPhone (the "Protected Computer"). *Id.* Declaration of Robert P. Bradley in support of Plaintiff's Motion for Preliminary Injunction and Application for Expedited Discovery ("Bradley Decl."), ¶ 1. The forwarded February 26, 2016, email further appears to have been sent from Bradley's personal email account, robertpbradley@me.com. Bradley Decl., ¶¶ 3, 4. However, Bradley did not forward or send the February 26, 2016, email. *Id*, ¶ 5. Further, Bradley did not provide access or authorize any person to use the Protected Computer. *Id*., ¶ 6. Bradley keeps both his Barrette laptop and the Protected Computer closely guarded, and has implement password protection for both devices. *Id*., ¶ 7. Bradley does not know who owns, operates, or has access to the concerned.barrette.partner@gmail.com email address. *Id*., ¶ 8.

On or about March 1, 2016, Peter Fickinger, Barrette's Vice President, received an email from one or more of the Does. Fickinger Decl., ¶ 12. The March 1, 2016, email was sent from the concerned.barrette.partner@gmail.com email address and stated, "Mr. Fickinger, I have taken to liberty to send to all dealers and Jean [desAutels]." *Id*. The March 1, 2016, email then included a copy of the Disseminated Email, including the Price List. *Id*.

Barrette does not currently know how the Does gained access to the pricing list. Declaration of Deborah Kelly McGowan in support of Plaintiff's Motion for Preliminary Injunction and Application for Expedited Discovery ("McGowan Decl."), ¶ 6. Immediately after Barrette learned that the Price List had been unlawfully obtained and disseminated, Barrette initiated an investigation to determine the identity of the individual(s) who unlawfully obtained and disseminated the Price List. *Id*., at ¶ 7. The investigation, which is ongoing, has included, but has not been limited to, employee interviews and the professional forensic analysis of computers

4

known to store the Price List, email servers and email account known to have stored or transmitted the Price List, and other computing devices known to store the Price List. *Id*.

Barrette has also retained outside, independent forensics company, Vestige Digital Investigations of Medina, Ohio ("Vestige"). *Id*., at ¶ 8. Following Vestige's recommendation, Barrette provided Vestige a list of employees authorized to have the Price List, and Vestige imaged the computers used by these employees. *Id*., at ¶ 9. Vestige sent imaging kits to all of Barrette's Outside Sales employees with access to the Price List. *Id*. While its analysis remains ongoing, to date, Vestige has been unable to determine how the Does gained access to the Price List. *Id*., ¶ 10. Similarly, to date, Vestige has been unable to identify the person using the concerned.barrette.partner@gmail.com email address. *Id*., ¶ 10.

On March 3, 2016, Fickinger sent an email to the same list of Barrette Partners that received the Disseminating Email. Fickinger Decl., ¶ 13; McGowan Decl., ¶ 11. Among other things, the email stated that the Disseminating Email was sent by someone trying to harm Barrette and that the company started an investigation and was going to commence legal proceedings to find out the identity of the author of the Disseminating Email. *Id*. The email also advised Barrette's Partners that the company hired an IT firm that is conducting an investigation to determine the origin of these communications and data breach. *Id*.

It is noteworthy that, on that same day, Dan Roberts ("Roberts"), Barrette's Dealer Development Director, resigned from the company. McGowan Decl., ¶ 12. The following day, Beck Trejbal, Barrette's Human Resources Manager for the Cleveland office spoke to Roberts and asked him to return all company property, including his laptop, as soon as possible. *Id*., ¶ 13. She also asked that he return the imaging kit. *Id*. Roberts sent the imaging kit back the same day, but failed to send the computer. *Id*., ¶ 14. That night, Roberts reported to Barrette

5

that his company owned laptop had been stolen.  *Id*.  It is also noteworthy that shortly after Roberts resigned, Roberts' wife, Christina Panazzola Roberts ("Christina Roberts"), telephoned Barrette's Director Legal Services, Deborah Kelly McGowan, Esq., ("McGowan") and stated that she knew the identity of the Doe who disseminated the Price List, and that she would identify the Doe if Barrette would excuse Roberts from the non-complete clause in Roberts' employment agreement. McGowan Decl., ¶ 15.

In anticipation of filing the present lawsuit, counsel for Barrette sent a notice to Google requesting that it preserve all hard copy documents and electronically stored information related to the concerned.barrette.partner@gmail.com email address. Declaration of Paul L. Janowicz in support of Plaintiff's Application for Expedited Discovery ("Janowicz Decl."), ¶ 2, Ex. 1. On March 31, 2016, Google responded to Barrette's notice, stating that it would not take any steps to preserve the requested data until being served with "valid legal process." *Id.,* Ex. 2. Counsel for Barrette also sent a notice to Apple requesting that it preserve all hard copy documents and electronically stored information related to Bradley's me.com email account. Janowicz Decl., ¶ 3, Ex. 3. Apple has not yet responded to Barrette's request. *Id.*

### III.     ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) provides generally that a party may not seek discovery before the Rule 26(f) conference. Fed. R. Civ. P. 26(d)(1). Under Rule 26(d)(1), a court may, however, authorize expedited discovery on a showing of good cause. *Voltage Pictures, LLC v. DOES 1–43*, No. 1:13-cv-465, 2013 WL 1874862, at *5 (N.D. Ohio May 3, 2013); *see also Fabreeka Int'l Holdings, Inc. v. Haley*, Case No. 15-cv-12958, 2015 WL 5139606, at *5 (E.D. Mich. Sept. 1, 2015). Courts find that good cause exists "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice

to the responding party." *Voltage Pictures*, 2013 WL 1874862, at *5 (internal quotation and citation omitted). The party seeking expedited discovery bears the burden of showing good cause. *Fabreeka Int'l Holdings*, 2015 WL 5139606, at *5; *Jockey Club Info. Sys., Inc. v. DOES 1–5*, No. 5:15-cv-204, 2015 WL 4523498, at *1 (E.D.Ky. July 24, 2015).

Courts typically consider several factors in determining whether good cause exists, including: 1) the danger that the information sought will be lost or destroyed; 2) the conclusion that expedited discovery would substantially contribute to moving the case forward; and 3) the narrow scope of the discovery requested. *Voltage Pictures*, 2013 WL 1874862, at *6 (quoting *Best v. Mobile Streams, Inc.*, No. 1:12-cv-564, 2012 WL 5996222, at *1 (S.D. Ohio Nov. 30, 2012)). Moreover, courts routinely permit expedited discovery to identify Doe defendants. *Id.* (citing *Arista Records, LLC v. Does 1–54*, No. 4:08-cv-1289, 2008 WL 4104563, at *1 (E.D.Mo. Aug. 29, 2008)); *see also Music Group Macao Commercial Offshore Ltd. v. Does I–IX*, No. 14-cv-621, 2014 WL 11010724, at *1 (W.D. Wash. July 18, 2014) (collecting cases).

A.  **Information On Defendants' Identity May Be Lost Without Expedited Discovery**

Without leave to conduct expedited discovery, however, information on Defendants' true identities may be lost because Google and Apple may preserve the requested information for only a short period of time. Anticipating this problem, Barrette contacted both Google and Apple requesting that they preserve all information related to the Concerned Partner Gmail account and Bradley's personal account, respectively. Janowicz Decl., ¶¶ 2, 3; Exs. 1, 3. Although Google promptly responded, it confirmed that that it would "only take[] steps to preserve data upon being properly served with valid legal process." *Id.*, ¶ 2; Ex. 2. Because Barrette cannot serve Google with valid legal process until after the Court grants Barrette's Application for Expedited Discovery, this data could be lost absent the order. *Cf. Voltage Pictures*, 2013 WL 1874862, at

7

\*6 (finding it clear that information regarding Doe defendants' identities may disappear unless plaintiff were permitted to obtain discovery from Internet Service Providers ("ISPs") on an expedited basis); *Jockey Club*, 2015 WL 4523498, at \*2 (finding plaintiff had shown a danger that ISPs would not preserve the relevant activity logs of Doe defendants and such information could be lost); *Music Group Macao*, 2014 WL 11010724, at \*2 (finding a danger that an ISP would not preserve the defendants' identifying information if the accounts were closed). Apple has not yet responded to Barrette's request. Janowicz Decl., ¶ 3.

Because the information Barrette needs to identify the Defendants may be lost without expedited discovery, the Court should grant Barrette's application.

### B. **Expedited Discovery Would Substantially Contribute To Moving This Case Forward**

Absent limited discovery to permit the identification of Defendants, Barrette will be unable to learn the Defendants' true identifies and this case cannot proceed. *Music Group Macao*, 2014 WL 11010724, at \*2. Indeed, without knowledge of Defendants' true identifies, Barrette cannot perfect service on Defendants. *Jockey Club*, 2015 WL 4523498, at \*2. Neither can the Rule 26(f) conference ever take place, thus permitting discovery. *Voltage Pictures*, 2013 WL 1874862, at \*6.

Accordingly, the Court should grant Barrette's application for expedited discovery because this case cannot move forward without it.

### C. **Barrette's Discovery Requests Are Narrowly Tailored**

Finally, Barrette's discovery requests are narrowly tailored to seek only information that will permit Barrette to identify the Defendants. *Voltage Pictures*, 2013 WL 1874862, at \*6 (finding that plaintiff had sufficiently narrowed the scope of its request to gain only enough information to identify and serve its complaint upon defendants); *Music Group Macao*,

2014 WL 11010724, at *2 (finding plaintiffs' discovery request was narrowly tailored to seek identifying information that was reasonably likely to lead to the production of information that would permit plaintiffs to serve process).

In view of the specific facts of this action, Barrettes seeks leave to conduct expedited discovery on Google, Inc. ("Google"), the operator of the gmail.com email service, related to the concerned.barrette.partner@gmail.com email address. Barrette intends to serve a subpoena on Google substantially similar to the subpoena attached as Exhibit 1 to the [Proposed] Order Granting Plaintiff's Application For Leave To Conduct Expedited Discovery ("[Proposed] Order") lodged with this Application. The proposed subpoena only seeks information for a limited in time range, and specifically does not seek any "content" so as to not run afoul of the Stored Communications Act, 18 U.S.C. § 2701, *et. seq*.

Similarly, Barrettes seeks leave to conduct expedited discovery on Apple Inc. ("Apple"), the operator of the me.com email service, related to the robertpbradley@me.com email address. Barrette intends to serve a subpoena on Apple substantially similar to the subpoena attached as Exhibit 2 to the [Proposed] Order. The proposed subpoena only seeks information for a limited in time range, and specifically does not seek any "content."

Barrette also may need to seek information from one or more Internet service providers based on the IP addresses discovered by from Google and/or Apple. If required, the subpoenas to Internet service providers will seek account information for any user assigned the IP addresses discovered from Google and/or Apple, during the specific time the IP address was used. Barrette intends to serve subpoenas on these Internet service providers substantially similar to the subpoena attached as Exhibit 3 to the [Proposed] Order.

Lastly, Barrette seeks leave to conduct a limited deposition of Christina Roberts.

Christina Roberts informed McGowan that she knew the identity of the person who disseminated the Price List and would identify the person if Barrette would excuse Roberts from the non-complete clause in Roberts' employment agreement. McGowan Decl., ¶ 15. Barrette intends to serve a deposition notice on Christina Roberts substantially similar to the notice attached as Exhibit 4 to the [Proposed] Order. The proposed deposition notice only seeks information related to the identity of the Does.

The information sought on an expedited basis has been precisely defined and carefully limited to include only what is essential to identify the Defendants. Moreover, none of the companies nor Christina Roberts would be prejudiced by allowing such limited expedited discovery. *Jockey Club*, 2015 WL 4523498, at *2.

## IV. CONCLUSION

Accordingly, because the information necessary to identify the Defendants may be lost without expedited discovery, is necessary to move this case forward, and is narrow in scope, Barrette has shown that good causes exists to grant its Application for Expedited Discovery. Barrette therefore respectfully requests that this Court issue an order permitting expedited discovery by allowing Barrette to obtain documents and information relating to Defendants' true identities.

Respectfully submitted,

s/John Q. Lewis
John Q. Lewis (0067235)
Paul L. Janowicz (0090944)
David J. Steele (pro hac vice being sought)
TUCKER ELLIS LLP
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Telephone:  216.592.5000
Facsimile:  216.592.5009
E-mail:  john.lewis@tuckerellis.com
  paul.janowicz@tuckerellis.com

*Attorneys for Plaintiff Barrette Outdoor Living, Inc.*

11

## CERTIFICATE OF SERVICE

    I hereby certify that on April 15, 2016, a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR LEAVE TO CONDUCT EXPEDITED DISCOVERY was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    s/John Q. Lewis
    John Q. Lewis (0067235)
    Paul L. Janowicz (0090944)
    David J. Steele (pro hac vice being sought)
    Tucker Ellis LLP
    950 Main Avenue
    Suite 1100
    Cleveland, OH 44113-7213
    Tel:    216.592.5000
    Fax:    216.592.5009
    E-mail:    john.lewis@tuckerellis.com
            paul.janowicz@tuckerellis.com

*Attorneys for Plaintiff Barrette Outdoor Living, Inc.*