UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Barrette Outdoor Living, Inc,** | ) | **CASE NO. 1:16 CV 914** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **John Does 1-20, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon Plaintiff's Application for Leave to Conduct Expedited Discovery (Doc. 4). This case arises under the Computer Fraud and Abuse Act, 18 U.S.C. §1030 et seq. For the reasons that follow, Plaintiff's Application is GRANTED.

Plaintiff Barrette Outdoor Living, Inc. manufactures fencing systems. Barrette sells its fencing systems throughout the United States using an exclusive network of authorized business partners. The partners are responsible for both in-person sales and installation of Barrette fencing systems. (Declaration of Jean desAutels ¶¶ 2-4). Barrette states that it maintains a highly confidential pricing list (the "Price List") for Barrette partners that details certain confidential trade secret information relating to Barrette's fencing business. This information includes the

1

authorized Barrette Dealer list, Barrette's pricing strategies, and specific pricing information for each partner. (Declaration of Peter Fickinger ¶ 6). Barrett exclusively owns the information contained in the Price List. The information in the list was not known outside of the company prior to the events giving rise to this lawsuit. (*Id.* at ¶¶ 8-9).

In early January 2016, Barrette's President, Jean desAutels, received the first of several anonymous emails sent from the email address concerned.barrette.partner@gmail.com and disparaging certain Barrette employees. DesAutels received several similar emails in January. On February 29, desAutels received another email from the concerned.barrette.partner@gmail.com address. This email was sent directly to numerous partners and copied desAutels. In addition to disparaging certain Barrette employees, the email also disclosed Barrette's Price List. (Pl.'s Mot., Ex. 1). This email appears to forward a February 26, 2016 email from Barrette's Regional Sales Director, Robert P. Bradley, and further appears to have been sent from Bradley's personal email account. Bradley, however, did not forward the email and did not provide access or authorize anyone to use either his company iPhone or laptop and keeps both devices closely guarded and password-protected. (Bradley Decl. ¶¶ 1-8).

On March 1, 2016, Barrette's Vice President, Peter Fickinger, received an anonymous email sent from the concerned.barrette.partner@gmail.com email address. The email stated, "Mr. Fickinger, I have taken liberty to send to all dealers and Jean [desAutels]." *Id.* The email then included a copy of the February 29 email and the Price List. (Fickinger Decl. ¶ 12).

Barrette does not know how the Doe defendants gained access to the Price List. It began an internal investigation and also hired an independent forensics company, Vestige Digital Investigations, to determine the identity of the defendants. Both investigations are on-going, but

2

to date, neither Barrette nor Vestige has been able to determine the identity of the Does or how they gained access to the Price List. (Declaration of Kelly McGowan ¶¶ 6-10).

In anticipation of filing the current lawsuit, Barrette's counsel sent a notice to Google requesting that it preserve all hard copy documents and electronically stored information related to the concerned.barrette.partner@gmail.com address. Google responded by stating that it would not take any steps to preserve the requested data until being served with "valid legal process." Barrette's counsel also sent a notice to Apple requesting that it preserve all hard copy documents and electronically stored information related to Bradley's me.com email account. Apple has not yet responded to Barrette's request. (Declaration of Paul L. Janowicz ¶¶ 2-3, Exs. 1-3).

Under Federal Rule of Civil Procedure 26(d), a district court may authorize discovery prior to the Rule 26(f) conference of the parties. *See Arista Records, LLC v. Does 1-15*, No. 2:07-CV-450, 2007 WL 5254326, at *2 (S.D. Ohio May 17, 2007). Courts in the Sixth Circuit require a party to show good cause before granting an expedited discovery request. *Id.* In determining if good cause exists, courts consider whether the "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*, at *2 (quoting *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal.2002)).

Courts consider several factors in determining if good causes exists, including: (1) the danger that the information sought will be lost or destroyed, (2) whether the discovery would substantially contribute to moving the case forward, and (3) the scope of the information sought. *Voltage Pictures, LLC v. Does 1-43*, No. 1:13CV 465, 2013 WL 1874862 (N.D. Ohio May 3, 2013). "Good cause is often found in cases alleging infringement, unfair competition, or where

3

evidence may be lost or destroyed with time." *Arista Records*, 2007 WL 5254326, at *2-3. Moreover, when the request is to determine the identity of John Doe defendants, courts have held that, generally, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Tesuco Holdings Ltd. v. Does 1-12*, No. 3:12-CV-600, 2012 WL 6607894, at *2 (E.D. Tenn. Dec. 18, 2012) (quotations omitted).

The Court concludes that Barrette has established good cause for the expedited discovery that outweighs any alleged prejudice to the responding parties. First, in addition to its Computer Fraud and Abuse Act claim, Barrette brings a claim for misappropriation of trade secrets–the type of claim that generally supports a finding of good cause for expedited discovery.[1]

Second, despite Barrette's own efforts at identifying the anonymous email-senders, it has been unable to do so through its investigations. Without leave to seek the requested discovery, the information may be lost because Google and Apple may not preserve the information for a sufficient period of time. Moreover, Google has already informed Barrette that it will not respond to the discovery requests without "valid legal process."

Third, without the requested discovery, Barrette may not be able to learn the Doe defendants' identities in sufficient time to meet their obligation to serve each defendant within 120 days after filing the complaint. *See* Fed. R. Civ. P. 4(m). *See, e.g., Voltage Pictures*, 2013 WL 1874862, at *6; *Virgin Records Am., Inc. v. Does 1-33*, No. 3:07-cv-235, 2007 U.S. Dist. LEXIS 52106, at *3 (E.D. Tenn. July 18, 2007) (finding good cause for expedited discovery

---

[1] Barrette also brings claims for tortious interference with business and contractual relationships and unlawful retention of property.

sufficient to identify Doe defendants so that litigation in copyright infringement case can proceed).

Lastly, Barrette's discovery requests are narrowly tailored to seek only information that will permit Barrette to identify the Doe defendants.

Thus, for the foregoing reasons, the Court hereby orders that:

1. Barrette may serve immediate third-party discovery on Google, Inc., by serving the Rule 45 subpoena, attached to the Proposed Order as Exhibit 1, seeking the documents requested in Exhibit A to the subpoena.

2. Barrette may serve immediate third-party discovery on Apple, Inc., by serving the Rule 45 subpoena attached to the Proposed Order as Exhibit 2, seeking the documents requested in Exhibit A to the subpoena.

3. Barrette may serve immediate third-party discovery on any later-discovered unknown or intermediary internet service providers by serving a Rule 45 subpoena in accordance with the sample attached to the Proposed Order as Exhibit 3, seeking the documents requested in Exhibit A to the subpoena.

4. Barrette may immediately notice the deposition of non-party Christina Panazzola Roberts by serving the Rule 45 subpoena attached to this Order as Exhibit 4, and upon no less than fifteen (15) days' notice may take the deposition of Ms. Panazzola Roberts.

5. Leave to take the aforementioned limited discovery is without prejudice to the right of Barrette to take additional deposition and document discovery as otherwise allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court of the same parties, individuals, and entities, and additional discovery of other parties, individuals, and entities in this matter pursuant to regularly-noticed discovery practice.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/20/16